**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**MAY PAINTER, NICOLE HESLIP,**
**MATHIAS CONDUFF, NATHANIEL**
**MENDEZ-GUTIERREZ, RODNEY**
**SHAW, MYLES THOMASON and**
**JEFFREY DUPREX, on behalf of**
**themselves and all others similarly**
**situated,**

               **Plaintiffs,**

**vs.**

**STRIDES PHARMA, INC.**

               **Defendant.**

**Case No. 7:25-cv-4189(NSR)**

**CONFIDENTIALITY**
**STIPULATION AND**
**PROTECTIVE ORDER**

---

### CONFIDENTIALITY STIPULATION AND PROTECTIVE

### ORDER

    **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/22/2025___

1

## GENERAL PROVISIONS

1.      This Protective Order ("Protective Order") applies to all hard copy and electronic materials and other products of discovery, all information contained therein and derived therefore and including, but not limited to, all copies, excerpts, summaries, or compilations thereof, obtained by the Plaintiffs or Defendant pursuant to the requirements of any court order, any requirements of self-executing discovery, discovery requests under the Federal Rules of Civil Procedure; documents subpoenaed under the Federal Rules of Civil Procedure, affidavits, certifications, or otherwise, and transcripts of depositions and/or non-public in camera hearings (hereinafter "Discovery Material") produced by any party to this proceeding (the "Producing Party") to any other party (the "Receiving Party"), or disclosed by the Parties in discovery, and/or produced by non-parties, and/or submitted to the Court in connection with a motion or hearing. Confidential Information shall be used and disclosed only for purposes of proceedings in the Litigation not for any other purpose or function, except as otherwise provided herein.

2.      This Protective Order is binding upon the parties to the Action, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys (including associates, assistants, paralegals, and employees of counsel), agents, experts (whether testifying or consulting), consultants, representatives, officers, directors, joint venturers, and employees as set forth in

this Order, or any party hereto or who shall become a party to this litigation, unless modified by the Court.

3.      Third parties may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and therefore become a Producing Party and/or Receiving party for purposes of this Protective Order.

4.      This Protective Order does not relieve any party of its obligations to respond to discovery in the Action and shall not restrict or limit the Defendants in any way from complying with regulatory obligations.

## **DEFINITIONS**

The following definitions shall apply to this Protective Order:

A.      "Authoring Party" shall mean any Party or its counsel who authored, drafted, or otherwise created the Document(s) at issue.

B.      The term "CONFIDENTIAL INFORMATION" as used in this Protective Order means all information produced by any party in the course of discovery or other proceedings in this case (electronic or otherwise) which is proprietary, trade secret and/or highly sensitive commercial information, and which is believed in good faith by the Producing Party to have the potential, if disclosed, for causing competitive harm to it or giving a competitive advantage to others, and/or which is not publicly available and which a party believes in good faith to be subject to federal, state, or foreign data protection laws or other similar privacy obligations imposed by law. Examples of such data protection laws include, without limitation: India's Information Technology Act, 2000, India's

3

Information Technology Rules 2011. Plaintiffs shall be permitted to designate materials that contain confidential personal information, confidential prescription drug benefit-related documents and/or records; beneficiary-related documents; drug utilization data; regulatory, and commercial information; trade secrets; correspondence with regulatory bodies; research, technical, commercial or financial information that has been maintained as confidential, information and documents required to be kept confidential by law or by agreement with a third party; and other non-public sensitive or proprietary information as "CONFIDENTIAL INFORMATION" pursuant to this Order.

C.    "Copies" shall mean any photocopies, reproductions, duplicates, extracts, summaries, notes, or descriptions of Documents and/or PROTECTED INFORMATION.

D.    "Designating Party" shall mean any Party or its counsel or any other person who has designated the Document(s) at issue as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION.

E.    "Document(s)" shall be defined as they are in Federal Rule of Civil Procedure 34, whether produced or created by a Party or another person, and whether produced pursuant to the Federal Rules of Civil Procedure, Local Rules, subpoena, by agreement, or otherwise. This shall include, but not be restricted to, all interrogatory answers, responses to requests for production or for admission, deposition testimony, deposition exhibits, hearing testimony, hearing exhibits, trial exhibits, and trial transcripts.

4

F.     "Final Adjudication" shall mean the entry of a final, non-appealable order disposing of the Litigation or an individual action that is or will in the future become a part thereof.

G.     "Litigation" means the above-captioned litigation.

H.     "Party" shall mean a Party to this action, any employee of such Party, and counsel for such Party, and any paralegals or staff of counsel.

I.     "Producing Party" shall mean any Party or its counsel or any other person who produced the Document(s) at issue.

J.     "Product" means a Product at issue.

K.     "PROTECTED INFORMATION" means Confidential Information and/or Restricted Confidential Information.

L.     "Receiving Party" shall mean any Party or its counsel or any other person to whom PROTECTED INFORMAION is furnished.

M.     "Restricted Confidential Information" means Documents that a Party has designated as "RESTRICTED CONFIDENTIAL" in accordance with this Protective Order and includes Documents a Party reasonably believes contain, describe, identify, or refer to highly confidential commercial, business, financial, or competitive information including proprietary manufacturing and production information (including formulation); business and prospective marketing plans; trade secrets; customer lists; pricing; market share, product cost and projected sales data; data relating to mergers and acquisitions; other information of a highly sensitive nature about the Party, which is not publicly available, the disclosure of

5

which could cause the Producing Party competitive harm; and Protected Health Information ("PHI"), as that phrase is defined in the Health Insurance Portability and Accessibility Act of 1996, Pub. L. 104-191 and the regulations promulgated thereunder. Any Documents designated as RESTRICTED CONFIDENTIAL shall only be disclosed to the Party's outside counsel and shall not be disclosed to any Party, a Party's witnesses, or in-house counsel unless either (a) the designating party explicitly agrees to the disclosure in writing, and (b) a successful challenge is made and disclosure is ordered by the Court.

## CONFIDENTIAL INFORMATION

5.    Counsel for any party may designate any document or information, in whole or in part, as CONFIDENTIAL INFORMATION OR RESTRICTED CONFIDENTIAL INFORMATION if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information.

6.    The    following    shall    not    be    designated    as    "PROTECTED INFORMATION"

> a. Documents of public record which are "readily accessible" as defined by Federal Law, or otherwise publicly available;

> b. Documents filed as a public record with the clerk of any federal or state court, not including exhibits or depositions or discovery response which, if filed, were to have been filed under seal and with clear marking on the envelopes in which they are enclosed that they are

6

subject to this Protective Order, or a Protective Order entered in another case; [NOTE: Any exhibits, deposition transcripts or discovery responses filed "under seal" shall remain PROTECTED INFORMATION.]

c. Documents or articles published in trade magazines or other general circulation publications; or

d. Documents previously provided to any individual or entity on a non-confidential basis, or readily accessible to third-parties on a non-confidential basis.

7. No items or information, including but not limited to summaries of items or information designated as "PROTECTED INFORMATION" shall be produced or disseminated orally, or by any other means, except as permitted by this Protective Order.

## DESIGNATION OF "PROTECTED INFORMATION"

8. Subject to the admonition of the Court, the Producing Party shall designate PROTECTED INFORMATION by marking "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" on the face of the document or material or, in the event, that PROTECTED INFORMATION is produced electronically or natively, on the disc or CD, on a placeholder document, and/or by such other means, including consistent with the ESI Protocol, so that the designation is communicated to the party receiving the document.

7

9.     Documents produced by a non-party must be treated by the receiving party as PROTECTED INFORMATION for a period of fourteen (14) days from receipt. In the event any non-party produces Documents or Information containing a Party's PROTECTED INFORMATION, that Party may designate such Documents or information, or portions thereof, as protected, by providing notice of designation on all parties within fourteen (14) days of receipt. If a Party otherwise receives Documents authored by a Party to the Litigation from any source other than the Party who, upon reasonable and good faith inquiry, appears to have authored or created the Documents (i.e. the Authoring Party), the Receiving Party will notify the Authoring Party in writing within ten (10) days of receipt of the Documents. The notification shall include (1) the bates numbers of the Documents received; (2) a brief description of the Documents; (3) the date received; and (4) the source of the Documents. Provided that such Documents are not publicly available, to the extent they contain PROTECTED INFORMATION but are not designated as such, the Authoring Party shall have the right to designate any such Document, or a portion thereof as protected. This provision is not intended to abrogate a party's work product privilege, and a party may delay disclosure to an Authoring Party pursuant to this provision unless and until such documents are disclosed for use in the litigation, while treating the documents as PROTECTED INFORMATION during such period of non-disclosure.

10.     Any Party to whom PROTECTED INFORMATION has been furnished who receives from any non-party (including natural persons, corporations,

partnerships, firms, governmental agencies, departments or bodies, boards or associations) a subpoena or other process that seeks production or disclosure of such PROTECTED INFORMATION shall promptly, and in any case within three business days, give written notice by e-mail to counsel for the Designating Party so that the Designating Party may have adequate time before the Documents are to be produced to act pursuant to this Protective Order to guard against the disclosure of PROTECTED INFORMATION. The written email notice shall identify the Documents sought and the return date of the subpoena or other process, and the written notice shall also include a copy of the subpoena or other process. The Party receiving the subpoena shall also inform the person seeking the PROTECTED INFORMATION that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the Designating Party approves the disclosure in writing or a Court order is issued on a timely filed motion to quash subpoena.

## CONFIDENTIAL INFORMATION/RESTRICTED CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER

11. If additional parties are added to this Litigation, then their or their counsel's ability to receive PROTECTED INFORMATION as set forth in this Protective Order will be subject to them or their counsel being bound by a written agreement or Court Order, to this Protective Order.

12.     Subject to the admonition of this Court all Documents and Copies produced or generated in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, by order of this Court, or otherwise, and which contain, describe, identify or refer to PROTECTED INFORMATION shall be subject to the provisions of this Protective Order. Any Party shall have the right to designate, prior to production, any Documents or portion thereof, as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION pursuant to the following procedures:

a. Documents. For Documents in hardcopy form or in a modifiable electronic format: by affixing the following legend or stamp to each page of the Documents, or portion thereof, that is deemed "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" in such a way so as not to obscure any part of the text or content, so that the designation is communicated to the party receiving the document. For electronically stored Documents (other than Documents in a modifiable electronic form): by affixing the following legend or stamp to the cover letter referring to such electronically stored Documents and, to the extent possible, to the media (i.e., disc, hard drive, etc.) on which the Documents are provided: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "RESTRICTED CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," consistent with the Electronically Stored Information ("ESI") Protocol, so that

the designation is communicated to the party receiving the document. Whenever any Party to whom electronically stored Documents designated as CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION are produced reduces such Documents to hardcopy form, that Party shall designate the hardcopy Documents with the legend or stamp as provided.

b. Transcripts. All portions of any deposition or hearing transcript taken in the Litigation, wherein the Documents themselves, or the contents of the Documents, designated as PROTECTED INFORMATION are identified, discussed, or disclosed, shall also be designated as PROTECTED INFORMATION and shall be subject to the terms of this Protective Order.

13.     Any Discovery Material for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question, and by designation on slip sheets where applicable. Such stamping or marking shall take place prior to, or contemporaneously with, the production by the Producing Party, or subsequent to the selection by the Receiving Party for copying by prior to the actual copying if done expeditiously. The stamp shall be affixed in such a manner as not to obliterate or obscure any written matter. The stamp need not be affixed to every page of a multi-page document. Inadvertent production of any document or information without a designation of "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" will not be deemed to waive

a later claim to its protected nature or preclude a party from designating said document or information as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" pursuant to this Order at a later date, provided this is done within a reasonable time after production. Any party may designate as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" or withdraw "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION designation from any material that it has produced. A party must treat such documents and things with the noticed level of protected from the date such notice is received. A Party shall not be deemed to have waived any right to designate materials by allowing inspection of such materials prior to a designation. Such re-designation shall be accomplished by promptly notifying counsel for each party in writing of such re-designation. Upon production by the Designating Party of a set of the Documents containing PROTECTED INFORMATION marked CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION, the Receiving Party shall reasonably promptly destroy the previously produced undesignated Documents or information. Upon receipt of any re-designation and replacement image that designates materials as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER," all Parties shall (1) treat such material in accordance with this Protective Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; and (3) promptly

12

endeavor to procure all copies of such material from such persons known to have possession of such material who are not entitled to receipt under this Protective Order, to the extent not already disseminated publicly.

14.     Prior to producing documents that contain the names of patients other than Plaintiffs and/or the physicians of such patients or consumers, the Producing Party may redact or delete the names, addresses, telephone numbers, social security numbers, and other information that would identify patients, research subjects and physicians or others constituting voluntary reporters or any other person associated with an adverse event, and any other information required to be withheld from disclosure by 21 C.F.R. §20.63, the Health Insurance Portability and Accountability Act of 1996, Public Health Law 104-191 ("HIPAA") and related regulations, applicable federal and state privacy laws, and other applicable laws and regulations.

15.     The Producing Party may redact information contained in adverse event reports, consumer complaints, clinical studies, and other similar Documents, including names and any information that would identify the person (other than a Plaintiff or Plaintiff's decedent) using the Product; names and any information that would identify any third party involved with the report, including, but not limited to, a physician or hospital or other institution; and personnel information that is not relevant to the litigation. If the Producing Party produces copies of documents containing the names or other personal information of patients other than Plaintiffs or their physicians that is protected from disclosure pursuant to 21

C.F.R. § 20.63, HIPAA, or other governmental statute, rule or regulation, neither the Parties nor their counsel shall disclose the names or other personal information or contact any such patient or physician identified through the production of such documents. The prohibition does not apply, however, to information that was lawfully obtained through sources independent from the Producing Party's discovery productions. Nothing in this Section shall be construed to affect a Party's ability to redact irrelevant and/or non-responsive information from a Document, including information regarding other products or medications not at issue in this litigation.

16.    The PROTECTED INFORMATION disclosed will be held and used by the person receiving such information solely for use in connection with the action.

17.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. In the event a Party objects to another party's designation, the following procedure shall apply.

a.    Counsel for the objecting party shall serve on the Producing Party or third party, and to Plaintiffs' and Defendant Counsel, a written objection to such designation which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the Producing Party or third party shall respond in writing to such objection within twenty-one (21) days of receiving the written objection, and

shall state with particularity the grounds for asserting the document or information is "CONFIDENTIAL INFORMATION," "RESTRICTED CONFIDENTIAL INFORMATION" or ATTORNEY' S EYES ONLY. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Producing Party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith within fourteen (14) days of the date when the Producing Party's written response is dated in an effort to resolve the dispute.

b.    If a dispute as to "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" designation of a documents or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with local rules, within twenty-one (21) days of the date when the Producing Party's written response is dated before filing a formal motion for an order regarding the challenged designation. Failure to present the dispute, or to file the motion shall operate as a waiver of the disputed designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. These time frames may be modified for good cause for specific challenges on informal application to the Court.

18.    Nothing in this Protective Order constitutes an admission by any party that PROTECTED INFORMATION disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

### LIMITATIONS ON DISCLOSURE OF "PROTECTED INFORMATION"

19.    Disclosure of "PROTECTED INFORMATION" other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate.

20.    All documents designated as "PROTECTED INFORMATION" shall not be disclosed to any person, except:

   a.    The Receiving Party and counsel, including in-house counsel;

   b.    Employees of such counsel assigned to and necessary to assist in the litigation;

   c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

21.    Disclosure may be made to all persons designated in paragraph 20 of this Protective Order, however, prior to disclosure to any person designated in paragraph 20 of this Protective Order, each person must agree to be bound by the terms of this Protective Order. At the conclusion of the litigation, counsel

for Receiving Party shall confirm in writing with counsel for Producing Party that it will seek to have any documents designated as "PROTECTED INFORMATION" that were provided to any persons designated in paragraph 20 returned to counsel for the Receiving Party.

22.    Prior to disclosing or displaying the PROTECTED INFORMATION to any other person, counsel must:

      a.    Inform the person of the confidential nature of the information or documents;

      b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

23.    The disclosure of a document or information without designating it as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION" shall not constitute a waiver of the right to designate such document or information as "CONFIDENTIAL INFORMATION" or "RESTRICTED CONFIDENTIAL INFORMATION.". If so designated, the document or information shall thenceforth be treated as PROTECTED INFORMATION subject to all the terms of this Stipulation and Order.

24.    Any Personally Identifying Information ("PII") (e.g., Social Security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure. Any Producing Party may redact from the documents and information it produces personal identifying information, personal data, sensitive personal data, or other data a party believes in good faith to be subject to federal, state, or foreign data protection laws.

25.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, ESI, or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information

(including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. If, before being notified of the claim of privilege, a Receiving Party has already disclosed the Privileged Materials to others, the Receiving Party must take reasonable steps to attempt to retrieve the information or request that those to whom the information was disclosed, promptly destroy the Privileged Materials and any Copies. No use shall be made of such documents during depositions or at any hearing or trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them

26.     Notwithstanding the designation of information as "PROTECTED INFORMATION" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

27.     At the conclusion of litigation, PROTECTED INFORMATION and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

28.     Nothing in this Protective Order shall preclude any party or its representatives from inspecting, reviewing, using or disclosing its own "PROTECTED INFORMATION" in this litigation or in transactions or other matters unrelated to this case. To the extent the Designating Producing Party

discloses any information previously designated as confidential, to another person or entity such that the information loses its confidential status, the Receiving Party is entitled to reasonably prompt notice that the information is no longer PROTECTED INFORMATION as defined in this Protective Order. No penalty shall accrue as a result of an inadvertent failure to do so.

29.    Nothing shall prevent disclosure of "PROTECTED INFORMATION" beyond that required by this Protective Order if the Producing Party consents in writing to each disclosure.

## COURT SUBMISSIONS CONTAINING "PROTECTED INFORMATION"

30.    Any documents that a Party wishes to file with the Court during this Action which have previously been designated as "PROTECTED INFORMATION" (or which contain CONFIDENTIAL INFORMATION or RESTRICTED CONFIDENTIAL INFORMATION), and all pleadings and memoranda purporting to reproduce or paraphrase such "PROTECTED INFORMATION," shall be filed in a manner that preserves the confidentiality of such information. To the extent possible, parties shall attempt to avoid the need to file materials under seal by working with the Producing Party to create non-confidential, redacted or excerpted pages of materials containing "PROTECTED INFORMATION" to attach to filings. Where the filing party has not had the opportunity to confer with the Producing Party, in advance of a filing, the filing party shall not attach materials containing "PROTECTED INFORMATION" to its filing but shall instead designate by Bates number the materials containing

"PROTECTED INFORMATION" that would have been attached or completely redact all "PROTECTED INFORMATION" from such materials. No otherwise timely filing shall be considered late or incomplete if the filing attaches Bates numbers or redacted documents in place of materials containing "PROTECTED INFORMATION." Within ten (10) business days of the completion of briefing related to the filing, the filing party and Producing Party shall confer to determine whether they can agree upon non-confidential redacted or excerpted pages of materials containing "PROTECTED INFORMATION" to attach to the filing in place of the Bates number designations or redacted materials. If the parties are unable to reach an agreement then the designating party must file a motion to seal the materials containing "PROTECTED INFORMATION." If the Producing Party waives confidentiality as to the materials at issue, the filing party may replace the Bates number designations or redacted materials with the full text of the documents at issue.

31.    If "PROTECTED INFORMATION" is filed under seal, and is ordered by the Court to be maintained under seal, the "PROTECTED INFORMATION" and/or other papers shall be kept under seal until further order of the Court. However, said "PROTECTED INFORMATION" and other papers filed under seal shall only be available to the Court and counsel of record.

**(SIGNATURES ON PAGE 22)**

**SO STIPULATED AND AGREED.**

Dated: July 2, 2025

Respectfully submitted,

/s/ *Douglas Tween*

Douglas Tween
John Eichlin
Ashley Latham
Linklaters LLP
1290 Avenue of the Americas,
New York, NY 10104
(212) 903-9000
(212) 903-9100 (fax)

/s/ *Aaron Block*

Aaron K. Block
The Block Firm
309 East Paces Ferry Road
Suite 400
Atlanta, GA 30305
(404) 997-8419

*Counsel for Strides Pharma, Inc.*

*Counsel for Plaintiffs*

SO ORDERED.

Dated: White Plains, NY
July 22, 2025

_____
Hon. Nelson S. Román
United States District Judge

22

**Exhibit A – Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signed in the presence of:

_____
(Attorney)