USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/21/2026__

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAY PAINTER, NICOLE HESLIP, MATHIAS CONDUFF, NATHANIEL MENDEZ-GUTIERREZ, RODNEY SHAW, MYLES THOMASON and JEFFREY DUPREX, on behalf of themselves and all others similarly situated,<br><br>        **Plaintiffs,**<br><br>vs.<br><br>**STRIDES PHARMA, INC.**<br><br>        **Defendant.** | Case No.  7:25-cv-4189-NSR |

## ORDER CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING SETTLEMENT AGREEMENT

WHEREAS, on February 13, 2026, in the above-captioned action, Plaintiffs filed an Unopposed Motion to Certify Settlement Class and for Preliminary Approval of Settlement Agreement ("Motion"); and

WHEREAS, the Court, after reviewing the papers, the evidence submitted by the parties, and the law, rules as follows:

1.    The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

2.    The Court has conducted a preliminary evaluation of the parties' February 13, 2026, Settlement Agreement ("Settlement Agreement") for

fairness, adequacy, and reasonableness. Based on this evaluation, the Court finds it likely that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, considering the statutory factors in Rule 23 and the additional *Grinnell* factors articulated by the Second Circuit, as detailed in the preliminary approval papers; (ii) with respect to the forms of notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

3.      The Court likewise finds that the proposed Settlement Class is likely to meet Rule 23's requirements for class certification. Therefore, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies the following Settlement Class:

> All natural persons in the United States who purchased Strides testosterone gel, for personal or household use, from June 1, 2022, until July 31, 2025.

4.      Specifically excluded from the Settlement Class are Defendant Strides Pharma, Inc. ("Strides"), Strides's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Strides, and any of its heirs, successors, assigns, or other persons or entities related to or affiliated

with Strides and/or Strides's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

5.    The Court hereby appoints Plaintiffs May Painter, Nicole Heslip, Mathias Conduff, Nathaniel Mendez-Gutierrez, Rodney Shaw, Myles Thomason, and Jeffrey Duprex as Class Representatives of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.    The Court appoints The Block Firm, LLC, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.    On November 19, 2026, at 2:00 p.m. in Courtroom 218, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement embodied by the Agreement should be granted, (ii) whether Class Counsel's forthcoming application for attorneys' fees and expenses should be granted, and in what amount; and (iii) whether Class Representatives' forthcoming petition for service awards should be granted, and in what amount. No later than fourteen days before the Objection Deadline and Opt-Out Deadline set out below, Plaintiffs must file the papers in support of Class Counsel's application for attorneys' fees and expenses and Class Representatives' service award. No later than fourteen days before the Final Approval Hearing, Plaintiffs must file papers in support of final approval of the Settlement Agreement and respond to any written objections. Defendant

3

may (but is not required to) file papers in support of final approval of the Settlement Agreement, so long as it does so no later than seven days before the Final Approval Hearing.

8.    At the parties' request, Verita Global ("Verita") is appointed as Claims Administrator and shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

9.    At the parties' request, Verita is appointed to administer the Notice Plan and shall be required to perform all the duties necessary to effectuate the notice described in the Settlement Agreement, the Notice Plan, and this Order.

10.    The Court approves the proposed Notice Plan for giving notice to the Settlement Class as set forth in the Declaration of Annette Kashkarian. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances. The Court hereby directs the parties and Verita to publish Notice to the Class no later than 28 days from entry of this Order, and to complete all aspects of the Notice Plan 90 days thereafter, in accordance with the terms of the Settlement Agreement.

11.    Verita will file with the Court by no later than 14 days before the Final Approval Hearing proof that Notice was provided in accordance with the Settlement Agreement and this Preliminary Approval Order, as well as proof

that notice was provided to the appropriate state and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

12.    Settlement Class Members who wish either to object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of 60 days after publication of the Notice to the Class (*i.e.*, August 17, 2026). Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection the Request for Exclusion will be controlling.

13.    To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Class Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name and address, and the Class Member must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class; however, nothing herein shall prevent Class Members from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

14. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Agreement and any determination and judgments concerning it will not bind the excluded person.

15. All Settlement Class Members who do not opt out in accordance with the above terms will be bound by all determinations and judgments concerning the Settlement Agreement.

16. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written objection with the Court by the Objection Deadline. In the written Objection, the Settlement Class Member must state his or her full name and address. The Settlement Class Member must state the reasons for his or her Objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection. Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection. No Objection will be valid unless all the information described above is included. Copies of all papers filed with the Court must be simultaneously delivered to Class Counsel and counsel for the Defendant. The parties will have the right to depose any objector to assess whether the objector has standing and to otherwise evaluate the objection.

17.    If a Settlement Class Member does not submit a written comment on the proposed Settlement, the application of Class Counsel for attorneys' fees and expenses, or the Class Representatives' service award in accordance with the deadline and procedure set forth in the Class Notice, and the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing, the Settlement Class Member must file a notice of intention to appear with the Court and serve a copy upon Class Counsel and Defendant's counsel no later than the Objection/Opt-Out Deadline and comply with all other requirements of the Court for such an appearance.

18.    Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Class Notice, and at the same time provide copies to Class Counsel and Defendant's counsel, shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

19.     Pending the final determination of whether the Settlement Agreement should be approved, all pretrial proceedings and briefing schedules in the Action have already been stayed. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be terminated, and the parties will meet and confer to submit a scheduling order to the Court.

20.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the parties will return to the status quo ante in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

21.     The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or

wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Order, and the Final Order and Judgment.

22.    Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the parties without further notice to the members of the Settlement Class. SO ORDERED, this 21 day of May, 2026.

The Clerk of Court is directed to terminate the motion at ECF No. 23.

_____
Hon. Nelson S. Román
United States District Court Judge