**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAY PAINTER, NICOLE HESLIP, MATHIAS CONDUFF, NATHANIEL MENDEZ-GUTIERREZ, RODNEY SHAW, MYLES THOMASON and JEFFREY DUPREX, on behalf of themselves and all others similarly situated,**<br>**Plaintiffs,**<br>**vs.**<br>**STRIDES PHARMA, INC.**<br>**Defendant.** | **Case No. 7:25-cv-4189-NSR** |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT CLASS**

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement Class, filed November 5, 2026. The Court has carefully considered the terms of the Settlement Agreement, [Dkt. 25-1], the declarations of the Court-appointed Claims Administrator, the declarations of Class Counsel, and all other evidence, pleadings, and orders in this case. On November 18, 2026, the Court conducted a Final Approval Hearing and heard presentations from counsel. There were no objections.

For the reasons explained on the record and further addressed below, the Court GRANTS Plaintiffs' motion for final approval and enters judgment. The

Court will address Class Counsel's Application for Attorneys' Fees and Costs and Class Representative Incentive Awards, which is opposed, via separate Order. With respect to final approval, the Court rules as follows.

1. The Settlement Agreement, including its exhibits and definitions of words and terms, is incorporated by reference in this Order. [Dkt. 25-1].

2. The Court has jurisdiction over the subject matter of the Litigation, the Parties, and all Settlement Class Members.

3. The Court confirms the Settlement Class definition set out in its Preliminary Approval Order as follows:

> All natural persons in the United States who purchased Strides testosterone gel, for personal or household use, from June 1, 2022, until July 31, 2025.

4. Specifically excluded from the Settlement Class are Defendant Strides Pharma, Inc. ("Strides"), Strides's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Strides, and any of its heirs, successors, assigns, or other persons or entities related to or affiliated with Strides and/or Strides's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

5. The Court confirms the appointment of Plaintiffs May Painter, Nicole Heslip, Mathias Conduff, Nathaniel Mendez-Gutierrez, Rodney Shaw, Myles Thomason, and Jeffrey Duprex as Class Representatives of the

Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that Plaintiffs adequately represented their class and that their claims are typical of those of the class.

6. The Court confirms the appointment of The Block Firm, LLC, as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. The Court confirms Verita Global ("Verita") as Claims Administrator.

8. The Court finds that Class Notice was disseminated to members of the Settlement Class by Verita in accordance with the terms set forth in the Settlement Agreement and in compliance with this Court's Preliminary Approval Order.

9. The Court finds that the foregoing notice constitutes the best notice practicable under the circumstances pursuant to Federal Rule of Civil Procedure 23 and complies with due process. The Court further finds that the notice provided by Verita to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 satisfied the requirements of that statute.

10. Counsel for the parties and Verita report that they have received no objections to or opt-outs from the proposed Settlement, and the Court has likewise received no objections to or opt-outs from the proposed Settlement.

11. For the reasons set forth in the unopposed final approval motion and discussed on the record, the Court finds that the proposed Settlement is

fair, adequate, and reasonable and satisfies the pertinent requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) and that the settlement and notification process complies with Rule 23(e).

12. Counsel have represented that there are no additional agreements required to be identified under Rule 23(e)(3) for the Court to consider.

13. With respect to the non-reversionary fund of $750,000, the valid and potentially valid claims do not exceed this amount, as the parties and Verita represent that actual valid claims will be for no more than approximately $100,000. As the Court considers the difference between $100,000 or less and $750,000 to be too significant to be fully distributed to claiming class members on a *pro rata* basis, the Court orders that the excess non-reversionary funds be distributed as follows. First, the Court orders that three times the amount of each valid claim be distributed to each valid claimant. Second, the Court orders that the remaining amount of the non-reversionary fund be distributed to the American Cancer Society as a *cy pres* recipient.

14. Accordingly, the Court hereby ORDERS as follows:

   a. The Settlement is APPROVED. Settlement Administrator Verita may commence administration of the claims process as set out in the Settlement Agreement.

b. The Class claims are DISMISSED with prejudice and the Court hereby enters a final judgment with respect to those claims, except as may be necessary to effectuate the Settlement Agreement.

c. Each and every Class Member, and any person actually or purportedly acting on behalf of any Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, or pursing, any Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order.

d. Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

15. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement and this Order.

SO ORDERED, this 18 day of November, 2026.

Hon. Nelson S. Román
United States District Court Judge